[See Case No. 17,549.]

---

## Case No. 17,549.

### WHITE v. HOW et al.

[3 McLean, 291.] [1]

Circuit Court, D. Michigan. Oct., 1843.

BANKS—LIABILITY OF DIRECTORS—NOTES FRAUDULENTLY CIRCULATED — ACTS OF AGENT — PLEA OF DISCHARGE IN BANKRUPTCY.

1. A plea to an action against the directors of a bank, under the Michigan act of 1837, which makes them personally liable, where the bank is insolvent, &c. which avers the notes on which the action was brought were fraudulently put into circulation, is no answer to the declaration.

2. The plaintiff must be connected with the fraud, or at least have had notice of it.

3. A bank is answerable for the acts of its agent. And it is immaterial how notes get into circulation, if they come into the hands of the holder bona fide.

4. The proceeding by the bank commissioners under the statute is no bar to an action against the directors, to make them personally liable.

5. All that the holder of the notes could claim, from such a proceeding, would be a pro rata payment of the assets.

6. That plea is defective which, admitting its averments to be true, does not constitute a bar to the action.

7. A plea of bankruptcy which sets out the certificate and discharge, as required in the 4th section, is good.

[Cited in Lathrop v. Stuart, Case No. 8,-113.]

Mr. Seaman, for plaintiff.
Romeyn & Miles, for defendants.

McLEAN, Circuit Justice. This action is brought against the defendants, as directors of the Saline Bank of Michigan, charging them with the amount of plaintiff's demand, under the statutes of the state, for a violation of law which regulated their duties. At October term, 1842, this case was before the court on a demurrer to the declaration, which was overruled, and leave was given to the defendants to plead, &c. [Case No. 17,548].

The 25th section of the act of the 15th of March, 1837, in relation to banks, declares, that, if the total amount of debts shall at any time exceed three times the amount of capital stock paid, "for all such excess and all deficits, occasioned by insolvency of such bank, the directors, in the first place, shall be liable in their individual capacity," &c.

The general issue was first pleaded.

2. That the bank notes on which the action is founded, with others, came into the possession and control of one Lewis Goddard, who, without the sanction of the bank, fraudulently used the same for his own purpose, and that the bank never received any value therefor. Without this, that the notes described in the plaintiff's declaration, as held by him, were issued by said bank. To this plea there was a demurrer. This plea is bad. It would not be sustainable if the action were against the bank. It is a well-established rule that every legal intendment is made against the plea. It does not show how the notes came into the hands of Goddard. If they were placed in his hands as agent of the bank, it would be clearly bound for any exercise of bad faith on his part, unless fraud in the plaintiff were alleged, which is not done. But, admit that the notes were obtained by Goddard fraudulently and put into circulation, if they come into the hands of an innocent holder in the ordinary course of business, the bank is bound to pay them. The notes were payable to bearer, and passed by delivery. It is then a matter of no importance, as regards the right of the plaintiff, how the notes were put into circulation, if they came into his possession without notice of fraud or unfairness; and as this is not averred in the plea, it cannot be presumed. 1 Bos. & P. 650; Bay v. Coddington, 5 Johns Ch. 56–58; Story, Ag. 451, 453, 464–467.

3. The defendants plead that the bank commissioners, on the 1st of November, 1838, filed a bill against the bank, under the act of

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

the state, and that before the commencement of this suit John B. Guilteau was appointed by the chancellor receiver of the property and effects of said bank, with all the power and authority, and subject to all the obligations and duties imposed upon such receiver, by the statute in such case made, and that he continued to be such receiver till after the commencement of this suit, &c. And they further aver. that before the commencement of this suit, the notes were deposited with said receiver as a part of the liabilities of said bank, and were held by him in trust for the owners thereof, to be paid out of the assets of the bank. And the defendants aver that the said notes were in the hands of the receiver a long time after the suit was commenced.

This plea is no answer to the declaration. There is no averment that any part of the notes were paid by the receiver, or that he had any assets in his hands out of which they could be paid. The proceeding under the statute was with the view of closing the operations of the bank, and to secure its creditors. The present action is against the directors, on a liability incurred by them personally, by excessive issues of paper. The proceeding under the statute is no bar to this action. All that could be claimed by the defendants is, that the assets of the bank should be applied pro rata to discharge the notes held by the plaintiff; but there is no averment of assets.

4. This plea varies in language from the third, but is not different in principle.

5. This plea sets out the proceeding in chancery, injunction, receiver, and avers that at the time of the appointment of the receiver the notes were the property of the bank, in the possession of its agents and officers. This is not a sufficient answer to the declaration. The facts of the plea may all be admitted, and yet it does not follow that the plaintiff has no right to recover. The question is, were the notes on which the action was founded the property of the plaintiff, and is he still the owner, now that he asks judgment on them? A traverse, then. of the facts of the plea would not raise the main point in the case, as to the right of the plaintiff. A traverse must not be of matter of inducement, but of the main and turning points in the case.

The same remarks apply to the 7th plea. Upon the whole. the demurrer to the pleas above enumerated is sustained. There is still a plea of bankruptcy by Wallace. one of the defendants. It is objected that this plea is defective, as it does not set out the proceedings under which the bankruptcy was decreed. The fourth section of the bankrupt law provides, that "such discharge and certificate, when duly granted, shall. in all courts of justice, be deemed a full and complete discharge of all debts. contracts, and other engagements of such bankrupt. which are provable under this act. and shall be and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever. and the same shall be conclusive evidence,

of itself, in favor of such bankrupt," &c. The plea is substantially good. It is not necessary to set out in such plea more than the certificate and discharge duly authenticated. The above provision makes these evidence. and conclusive evidence, unless the proceedings shall be shown to have been fraudulent.